UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEALED MATTERS
(IN RE SEARCH OF 32900 FIVE MILE           Case Nos. 2:13-MC-50293
ROAD, LIVONIA, MI 48154                                    2:13-MC-50293-A

AND                                                         Honorable Nancy G. Edmunds

IN RE SEARCH OF 102 E. GRAND RIVER
AVENUE, BRIGHTON, MI 48116)
_____/

**ORDER OVERRULING WILLIAM ELIAS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER ON WILLIAM ELIAS' MOTION TO STRIKE EXHIBIT 1 TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO UNSEAL THE AFFIDAVITS SUPPORTING THE SEARCH WARRANTS [22]**

Currently before the Court is William Elias' ("Elias") objection to an order issued by the Magistrate Judge denying Elias' motion to strike. For the reasons stated below, the Court OVERRULES Elias' objection and AFFIRMS the Magistrate Judge's order.

**I.   FACTS**

On February 27, 2013, two of William Elias' storefront real estate offices were the subject of FBI raids authorized by search warrants. Elias Mot. to Strike ¶ 1. The search warrants were supported by the same affidavit, which was sealed pursuant to a court order. *Id.* ¶ 3.

Elias brought a motion to unseal the search warrant affidavit. *Id.* ¶ 5. In response to Elias' motion to unseal, the Government filed a redacted copy of the search warrant affidavit. Dkt. 11 Ex. A. Elias then filed a motion to strike the redacted copy of the search warrant affidavit, claiming that his motion to unseal should have been interpreted as a motion for personal inspection of the sealed search warrant affidavit.

The media has been covering the story, and at least one new organization has posted portions of the redacted affidavit on its website. Elias Obj. 4.

The Magistrate Judge held a hearing on the matter, and, ruling from the bench, denied Elias' motion to strike. Dkt. 20 & 21. Elias now timely objects to that ruling.

## II. ANALYSIS

### A. The Court Reviews Objections to Nondispositive Magistrate Judge Rulings for Clear Error

During the hearing before the Magistrate Judge, there was some debate about whether the Federal Rules of Civil Procedure or Criminal Procedure should apply. Elias notes this in his objection, but does not pursue the issue, stating that both the Civil and Criminal Rules provide for the relief he seeks, namely, the issuance of a protective order with regard to court filings. *See* Fed. R. Civ. P. 26(c); Fed. R. Crim. P. 49.1(e).

For the purpose of this Court's review, the difference is one without distinction. Both sets of Rules provide for a district judge's review of objections to nondispositive matters ruled on by a magistrate judge. Fed. R. Civ. P. 72(a); Fed. R. Crim. P. 59(a). Furthermore, both Civil Rule 72(a) and Criminal Rule 59(a) require the reviewing district judge to set aside or modify any part of the magistrate's ruling that is "clearly erroneous or is contrary to law," or "contrary to law or clearly erroneous," respectively. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue,* 958 F.2d 684, 690 (6th Cir.1992). "If two permissible views

exist, a magistrate judge's decision cannot be 'clearly erroneous.'" *Hennigan v. Gen. Elec. Co.,* 2010 WL 4179376 *2 (E.D. Mich. Oct. 20, 2010) (unpublished).

### B. The Court Finds The Magistrate Judge's Ruling Is Not Clearly Erroneous or Contrary to Law

Here, the Magistrate Judge denied Elias' motion to strike, finding that Elias' original motion to unseal could reasonably be interpreted as "arguing for full public access to the search warrant document." Mot. Hr'g Tr. 44:18-19. Elias now objects, making essentially the same arguments he made before the Magistrate Judge. The Court, having reviewed Elias' original motion to unseal, agrees with the Magistrate Judge. Nowhere in the motion to unseal is a specific request that Elias, to the exclusion of the general public, be allowed to inspect the warrant documents. Indeed, Elias's motion is styled as a motion to unseal as opposed to a motion to inspect, the motion relies on numerous cases that deal with the complete unsealing of documents, and the request for relief makes repeated use of the word "unseal" and not a single use of any word that would suggest a desire to limit the unsealing in any way.

Elias also argues that public disclosure would be detrimental to the goals stated in his motion. However, in his motion, Elias argues that the affidavit should be unsealed so the he can properly respond to media inquires about the searches at his offices. The Magistrate Judge noted with some concern that this argument could reasonably be interpreted to mean that Elias would "pick and choose portions of the search warrant affidavit that he wanted to make public...." Mot. Hr'g Tr. 44:25 - 45:1. Such actions would necessarily involve public disclosure of elements of the sealed document. Additionally if Elias was planning to mount a media defense based on access to the unredacted version

of the affidavit, his selective, unilateral disclosures would have the potential to completely derail the Government's investigation.

Most significant, however, is the Magistrate Judge's observation that in the original motion to unseal, and the subsequent motion to strike, Elias himself has revealed "the fact of the investigation, the targets of the investigation, [and] the subject matter of the investigation," and that Elias has publicly disclosed documents in this case and in a separate lawsuit with Freddie Mac. Mot. Hr'g Tr. 45:21-25 - 46:1. The redacted affidavit filed by the Government adds some specific details not previously made public, but striking it now will not undo Elias' voluminous voluntary disclosures, and would indeed have little practical effect. Without reaching the substance of Elias' privacy argument, the Court agrees with the Magistrate Judge that the fact that Elias himself has made so much information about the case public undercuts his privacy claims.

In short, the Court is not left with the definite and firm conviction that a mistake has been committed, and therefore declines to overturn the Magistrate Judge's decision.

### C. Arguments Raised For the First Time in an Objection to a Magistrate Judge's Ruling Have Been Waived

Elias raises an issue in his objection not argued in his motion papers, but mentioned by the Magistrate Judge during the hearing. Namely, that the Government may have violated the order sealing the affidavit by filing a redacted version of the affidavit without seeking approval from the court to do so. As the Government points out in its brief, Elias did not fairly present this argument to the Magistrate Judge and has, as a result, waived it. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996) (noting that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived"); *Swain v. Commissioner of Social Sec.*, 379 Fed. App'x 512, 517–18 (6th Cir.2010) (noting a "claim raised for the first time in objections to a magistrate judge's report is deemed waived"). The Court, therefore, will not consider the issue, as it has been waived.

### III.  CONCLUSION

For the reasons stated above, the Court OVERRULES Elias' objection and AFFIRMS the Magistrate Judge's ruling denying the motion to strike the redacted search warrant affidavit from the record.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer